UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID C.,

          Plaintiff,

      v.                                     **DECISION AND ORDER**
                                                  20-CV-6467S

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.
_____

        1.        Plaintiff David C.[1] challenges the determination of an Administrative Law Judge ("ALJ") that he is not disabled within the meaning of the Social Security Act ("the Act").  Plaintiff alleges that he has been disabled since September 27, 2016, due to various physical and mental conditions.  Plaintiff maintains that he is entitled to disability benefits because his impairments render him unable to work.

        2.        Plaintiff filed applications for disability benefits and supplemental security income in August 2016.  After denial at the agency level, Plaintiff proceeded to a hearing before an ALJ, which took place before ALJ John P. Costello on March 18, 2019.  At the time of the hearing, Plaintiff was 63 years old, with at least a bachelor's degree, and past relevant work as a social welfare administrator, a resident supervisor, and a property manager.  The ALJ considered the case *de novo* and, on May 1, 2019, issued a written decision denying Plaintiff's applications for benefits.  The Appeals Council thereafter denied Plaintiff's request for review on May 8, 2020.

---

[1] In accordance with this district's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order identifies the plaintiff by first name and last initial only.

3. Plaintiff filed the current action on July 7, 2020, challenging the Commissioner's final decision.[2] The Clerk of Court assigned the case here on April 5, 2021. (Docket No. 14.) After filing of the administrative record, the parties cross-moved for judgment on the pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure, with briefing concluded on May 26, 2021, at which time this Court took the motions under advisement without oral argument. (Docket Nos. 11, 13, 15, 16.) For the following reasons, Plaintiff's motion will be denied, and Defendant's motion will be granted.

4. A party is entitled to judgment on the pleadings under Rule 12 (c) "only if it has established that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Juster Assocs. v. City of Rutland, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted). In social security appeals, the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing a decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. §§ 405 (g), 1383 (c)(3).

5. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405 (g), 1383 (c)(3); Wagner v. Sec'y of Health & Hum. Servs., 906 F.2d 856, 860 (2d Cir. 1990). Instead, the court's inquiry is limited to two issues: (1) whether the Commissioner applied the correct legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. See Greek v. Colvin, 802 F.3d 370, 374-75 (2d Cir. 2015) (per curiam); see also Norman v. Astrue, 912 F. Supp. 2d 33, 70 (S.D.N.Y. 2012) ("The Court first reviews the Commissioner's decision for compliance with the correct legal standards; only then

---

[2] The ALJ's May 1, 2019 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

2

does it determine whether the Commissioner's conclusions were supported by substantial evidence."). In conducting this inquiry, the court cannot substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Hum. Servs., 733 F.2d 1037, 1041 (2d Cir. 1984). Consequently, if the Commissioner's determination is free from legal error and supported by substantial evidence, the court must affirm. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

      6.      As it relates to the legal-error inquiry, the court must determine whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotations and citations omitted). "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008) (citation omitted). This inquiry is completed first because "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).

7. As it relates to the substantial-evidence inquiry, the standard is not high. See Biestek v. Berryhill, __ U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019). The United States Supreme Court defines substantial evidence as only "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971), and has clarified that "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" Biestek, 139 S. Ct. at 1154 (quoting Consol. Edison Co. v. NLRB, 305 U.S 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)).  Because the Commissioner's factual findings are conclusive if supported by substantial evidence, see 42 U.S.C. §§ 405 (g), 1383 (c)(3), review is properly focused on whether substantial evidence supports the Commissioner's determination, not whether substantial evidence might also support the plaintiff's position. See Zacharopoulos v. Saul, CV 19-5075 (GRB), 2021 WL 235630, at *7 (E.D.N.Y. Jan. 25, 2021) (noting that "the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*'") (quoting Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original)).  This is "a very deferential standard of review—even more so than the 'clearly erroneous' standard."  Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (citing Dickinson v. Zurko, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999)).

8. "To determine on appeal whether [the Commissioner's] findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of

Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's factual findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  Similarly, where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).  In short, the substantial-evidence standard requires that once an ALJ finds facts, those facts can be rejected "'only if a reasonable factfinder would *have to conclude otherwise*.'" Brault, 683 F.3d at 448 (quoting Warren v. Shalala, 29 F.3d 1287, 1290 (8th Cir. 1994) (emphasis in original)).

9. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act.  See 20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled.  482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

10. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits her physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider her disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the

> fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to perform her past work. Finally, if the claimant is unable to perform her past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. §§ 404.1520, 416.920; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

11. The claimant has the burden of proof on the first four steps; the Commissioner has the burden of proof on the fifth step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The fifth step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. §§ 423 (d)(2)(A), 1383 (c)(1)(A); 20 C.F.R. §§ 404.1520 (f), 416.920 (a)(4); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

12. In this case, the ALJ found the following with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since September 27, 2016, the alleged onset date (R. at 19);[3] (2) Plaintiff's fracture of the right clavicle with non-union, degenerative joint disease of the right hand, and polyneuropathy are severe impairments within the meaning of the Act (R. at 20-22); (3) Plaintiff does not have an impairment or combination of impairments that meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. at 22); (4) Plaintiff

---

[3] Citations to the underlying administrative record are designated as "R."

6

retained the residual functional capacity ("RFC") to perform a range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967 (b), except that he can frequently finger and handle (R. at 22-26); (5) Plaintiff had past relevant work as a social welfare administrator, resident supervisor, and property manager (R. at 26); and (6) Plaintiff could perform his past relevant work (R. at 26). Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Act from September 27, 2016, through May 1, 2019. (R. at 18, 26.)

13. Plaintiff offers a single challenge to the ALJ's decision. He argues that the RFC determination is not supported by substantial evidence because the ALJ impermissibly based it on his own lay interpretation of bare medical evidence, rather than a supporting medical opinion. In response, the Commissioner argues that the ALJ's decision is supported by substantial evidence and free from legal error and should therefore be affirmed. This Court agrees with the Commissioner.

14. RFC is "what an individual can still do despite his or her limitations." Melville v. Apfel, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, 1996 WL 374184, at *2). To properly determine RFC, the ALJ must assess all relevant medical and other evidence in the record. See 20 C.F.R. §§ 404.1545 (a)(1), 416.945 (a)(1). Such evidence includes, *inter alia*, objective medical evidence, medical opinions, medical history, clinical findings, and the claimant's own assessment of limitations. See 20 C.F.R. §§ 404.1513 (a)(1)-(5), 416.913 (a)(1)-(5); see also Josua S. v. Comm'r of Soc. Sec., 6:19-CV-1434 (ML), 2021 WL 105769, at *4 (N.D.N.Y. Jan. 11, 2021) ("In rendering an RFC determination, the ALJ must consider objective medical facts, diagnoses, and medical opinions based on such facts, as well as a plaintiff's subjective symptoms, including pain and descriptions of other

7

limitations.") (collecting cases). All of this evidence must be considered in determining RFC, "not just . . . the medical opinions alone." Richard B. v. Comm'r of Soc. Sec., 1:19-CV-579 (WBC), 2021 WL 22504, at *5 (W.D.N.Y. Jan. 4, 2021) (citing Trepanier v. Comm'r of Soc. Sec. Admin., 752 F. App'x 75, 79 (2d Cir. 2018)).

15. While the ALJ is precluded from substituting his or her own lay opinion for competent medical evidence, the ALJ is nonetheless entitled to weigh all of the evidence, resolve conflicts within it, and reach an RFC that is consistent with the record as a whole. See Quinn v. Colvin, 199 F. Supp. 3d 692, 712 (W.D.N.Y. 2016). And, as noted, the ALJ's RFC determination need neither track nor correspond perfectly with any single medical opinion. Id. Finally, "[a]lthough the ALJ has the responsibility to determine the RFC based on all the evidence in the record, the burden is on the Plaintiff to demonstrate functional limitations that preclude any substantial gainful activity." Richard B. v. Comm'r of Soc. Sec., 1:19-CV-579 (WBC), 2021 WL 22504, at *4 (W.D.N.Y. Jan. 4, 2021).

16. Here, the ALJ determined that Plaintiff could perform light work, except that he can frequently finger and handle. (R. at 22-26.) To be considered capable of performing a full range of light work, an individual must generally have the substantial ability to lift 20 pounds or less at a time, frequently lift or carry objects weighing up to 10 pounds, walk or stand a good deal, and push and pull arm or leg controls while seated. See 20 C.F.R. §§ 404.1567 (b), 416.967 (b).

17. The ALJ reached this determination after reviewing and evaluating the record evidence. First, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his physical symptoms were not entirely consistent with the medical evidence. (R. at 23, 24-25.) The ALJ found that the nature and

8

frequency of Plaintiff's treatment was not commensurate with his claims of a debilitating condition, and that Plaintiff failed to pursue ongoing treatment for his conditions.[4] (R. at 25.)  The ALJ further found that physical examinations failed to corroborate Plaintiff's allegations of debilitating pain in his right clavicle, in which he maintained good motion and strength.  Id.  Further still, the ALJ found that Plaintiff's admitted activities of daily living were inconsistent with the limitations he alleged, including significant walking (2 miles per day) and cycling[5] (12-15 miles at a time).  (R. at 25.)

18.	Second, the ALJ considered the medical evidence.  The ALJ noted that Plaintiff had not received recent medical care for the moderate degenerative joint disease in his right hand; that the symptoms from his polyneuropathy, which was due to alcohol abuse rather than any underlying disorder, were largely self-reported and not corroborated upon physical examination; and that Plaintiff's shoulder and clavicle condition, while documented, did not prevent Plaintiff from performing activities of daily living and routinely resulted in treatment records documenting good strength and motion, with minimal tenderness.  (R. at 24.)

19.	Third, the ALJ considered the only medical opinion concerning Plaintiff's physical limitations.  That opinion was rendered by Dr. Harbinder Toor, who performed a

---

[4] Plaintiff suggests that the ALJ faulted him for failing to follow his treatment providers' recommendations without consideration of his reasons for doing so, including his ability to afford ongoing care. A fair reading of the ALJ's decision, however, reveals that the ALJ did not fault Plaintiff but simply cited his failure to pursue an ongoing course of treatment—the accuracy of which Plaintiff does not deny—as just one of several factors informing his decision. Moreover, the record reveals that Plaintiff had health insurance through Medicaid, to the extent Plaintiff maintains that he failed to engage in ongoing treatment for financial reasons. (R. at 56.) This Court therefore finds no error.

[5] The ALJ specifically questioned how Plaintiff was able to ride a bike for multiple miles when he claimed that his right clavicle pain, which allegedly affected use of his arm and hand, was his worst physical impairment. (R. at 25.) Plaintiff testified that he could ride "hands free" to relieve pain, a claim that the ALJ found "strains credulity." Id.

consultative internal medicine examination on September 27, 2016.  (R. at 24.)  Dr. Toor found that Plaintiff had "moderate to marked" limitations in pushing, pulling, lifting, and reaching; "moderate limitation" in twisting of the cervical spine; "moderate to marked" limitation in fine motor activity with the right hand; "mild to moderate limitations standing and walking for a long time; and "mild" hearing difficulty in his right ear.  (R. at 436-37.)  The ALJ gave Dr. Toor's opinion "limited weight" because he found it to be inconsistent with other medical evidence in the record concerning Plaintiff's ability to use his right shoulder and arm and Plaintiff's admitted ability to perform a wide range of daily activities.  (R. at 26.)  The ALJ did, however, credit Dr. Toor's opinion that Plaintiff had limitations in his fine motor abilities in his right hand, having included a corresponding limitation in the RFC.  (R. at 22, 436.)

20. Plaintiff argues that the RFC determination is unsupported by substantial evidence because the ALJ gave only limited weight to Dr. Toor's opinion, leaving the RFC unsupported by any medical opinion evidence.  Medical opinion evidence, however, is just one subset of evidence that the ALJ must consider in reaching an RFC determination.  See 20 C.F.R. §§ 404.1513 (a)(1)-(5); 416.913 (a)(1)-(5).  While medical opinion evidence is undoubtedly important, it is not error, *per se*, for an ALJ to formulate an RFC in the absence of it, so long as the RFC determination is otherwise supported by the evidence as a whole.  See, e.g., Monroe v. Comm'r of Soc. Sec., 676 F. App'x 5, 8-9 (2d Cir. Jan. 18, 2017) (stating that where "the record contains sufficient evidence from which an ALJ can assess the claimant's [RFC], a medical source statement or formal medical opinion is not necessarily required") (quotation marks and citations omitted); Johnson v. Colvin, 669 F. App'x 44, 46-47 (2d Cir. 2016) ("[B]ecause the record contained sufficient other

evidence supporting the ALJ's determination and because the ALJ weighed all of that evidence when making his residual functional capacity finding, there was no 'gap' in the record and the ALJ did not rely on his own 'lay opinion.'"); Desirae D. v. Comm'r of Soc. Sec., CASE # 20-cv-54, 2021 WL 2042576, at *4 (W.D.N.Y. May 21, 2021) ("The Second Circuit has rejected plaintiff's argument and held that an RFC may be supported by substantial evidence, even if it does not correspond to any particular medical opinion.") (collecting cases).

21. As set out above, the ALJ's RFC determination is the product of his consideration and weighing of Plaintiff's subjective assessment of his physical limitations, his daily activities, the objective medical evidence, and the medical opinion evidence. See 20 C.F.R. §§ 404.1513 (a)(1)-(5); 416.913 (a)(1)-(5). As he is required to do, the ALJ properly weighed all of the available evidence to make his RFC determination, and there is no indication that he substituted his own opinion for that of any medical provider or impermissibly interpreted bare medical findings.[6]  See Matta, 508 F. App'x at 56.  The RFC is also consistent with the credited portion of Dr. Toor's opinion and the record evidence as a whole.  See Richard B., 2021 WL 22504, at *5 (noting that an ALJ must formulate RFC based on the record as a whole).

22. Accordingly, having reviewed the ALJ's decision in light of Plaintiff's arguments, this Court finds that it is free from legal error and supported by substantial evidence.  It is therefore affirmed.  See Grey, 721 F.2d at 46; Marcus, 615 F.2d at 27.

---

[6] Plaintiff's counsel advised the ALJ that the record was complete and that additional evidence, including a treating medical source statement, would not be submitted. (R. at 17.)  Plaintiff's counsel also represented that he was unaware of any additional evidence and was not requesting that the ALJ assist in obtaining any additional evidence.  (R. at 17.)

11

Plaintiff's motion for judgment on the pleadings is denied, and Defendant's motion seeking the same relief is granted.

      IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 13) is DENIED.

      FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 15) is GRANTED.

      FURTHER, that the Clerk of Court is directed to CLOSE this case.

      SO ORDERED.

Dated:    June 1, 2021
           Buffalo, New York

                                        <u>s/William M. Skretny</u>
                                          WILLIAM M. SKRETNY
                                        United States District Judge